**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LAVERA PALMER,                          *

     Plaintiff,                         *

     v.                                 *          Civil Action No. 8:19-cv-02588-PX

W&T TRAVEL SERVICES, LLC,                *

     Defendant.                         *
                            ***

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this employment discrimination action is Defendant W&T Travel Services, LLC's (W&T's) motion to dismiss (ECF No. 12) and Plaintiff LaVera Palmer's motion to amend complaint (ECF No. 20). The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Plaintiff's motion to amend is granted, and Defendant's motion to dismiss is denied without prejudice as moot.

Palmer, a former employee of W&T, filed suit against W&T on September 6, 2019, alleging four violations of the Americans with Disabilities Act (ADA) and four nearly identical violations under Maryland law, the Maryland Fair Employment Practices Act (MFEPA). *See* ECF No. 1. Palmer specifically avers that she had been discriminated against on account of her disability (Counts I and V); denied reasonable accommodation in violation of the ADA and MFEPA (Count II and VI); and subjected to a hostile work environment and constructively discharged in violation of the ADA and MFEPA (Count III, IV, VII, and VIII).

On November 13, 2019, W&T moved to dismiss all counts for failure to exhaust administrative remedies required by the ADA and Maryland law. *See* ECF No. 12-1 at 1, 7–8. W&T separately argued that Palmer failed to allege facts sufficient to state a claim because she

did not aver comparators under the same supervisory control.  *See id.* at 10–11.  W&T also

argued that Palmer's claims fail because the facts do not make plausible that her disability was

known at the time the misconduct occurred.  ECF No. 12-1 at 9.

In responding to the motion, Palmer attempted to add facts and a new retaliation claim

and requested that Defendant consent to the Court's consideration of the same.  *See* ECF No. 15-

1 at 4 n.2, 7 n.4, 9.  Defendant objected, noting that Palmer must seek leave to amend the

Complaint.  ECF No. 19 at 2.  Palmer thus filed the pending motion for leave to amend.  *See*

ECF No. 20.

Courts "should freely give leave" to amend "when justice so requires."  Fed. R. Civ. P.

15(a)(2).  Leave may be denied, however, when amendment would "be prejudicial to the

opposing party, when the moving party has acted in bad faith or with a dilatory motive, or when

the amendment would be futile."  *Arora v. James*, 689 F. App'x 190, 190 (4th Cir. 2017)

(quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)) (internal quotation marks omitted).

A claim is futile when it is "clearly insufficient or frivolous" and thus cannot survive a motion to

dismiss.  *Whitaker v. Ciena Corp.*, No. RDB-18-0044, 2018 WL 3608777, at *3 (D. Md. July 27,

2018).  In assessing whether a claim is futile, the Court reviews the claim for sufficiency

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Kerrigan v. Bd. of Educ. of*

*Carroll Cty.*, No. JKB-14-3153, 2016 WL 470827, at *3 (D. Md. Feb. 8, 2016).

W&T argues solely that the Court should deny leave to amend on futility grounds.  W&T

contends that the new retaliation claim is barred for failure to exhaust administrative remedies

and separately that the additional facts do not cure the defects set out in the original dismissal

motion.  *See* ECF No. 22.  The Court disagrees.

As to the added facts, Palmer clarifies that she and her comparators shared the same

supervisor, thus curing the very defect that Defendant highlighted.  Palmer further clarifies that the harassment she experienced occurred both before and after she took leave for her disability. These additional facts not only fill the gaps in the original claims, but also make plausible the added retaliation counts.  Thus, Defendant's futility argument as to the sufficiency of the claims must fail.

The retaliation claim also appears to be exhausted.  Claims advanced in a complaint are exhausted if "reasonably related" to the administrative charge and "can be expected to follow from a reasonable administrative investigation." *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012).  By contrast, a plaintiff generally fails to exhaust administrative remedies where a charge of discrimination "references 'different time frames, actors, and discriminatory conduct' than the allegations found in a complaint." *Wright v. Kent Cty. Dep't of Soc. Servs.*, No. ELH-12-3593, 2014 WL 301026, at *11 (D. Md. Jan. 24, 2014) (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005)).

With respect to retaliation claims, exhaustion is satisfied when "both the EEOC charge and the complaint included claims of retaliation by the same actor but involved different retaliatory conduct." *Sydnor*, 681 F.3d at 594 (citing *Smith v. First Union Nat. Bank*, 202 F.3d 234, 248 (4th Cir. 2000)).  To require that a plaintiff do more at the EEOC stage so as to preserve claims later would be inconsistent with a regulatory scheme where "laypersons, rather than lawyers, are expected to initiate the process." *Sydnor*, 681 F.3d at 594 (citing *Fed. Express Corp. v. Holowecki,* 552 U.S. 389 (2008)).

An ADA retaliation claim is premised on the employee suffering adverse employment action because she engaged in protected conduct, such as filing a formal Equal Employment Opportunity Commission ("EEOC") charge or complaining to her employer about discriminatory

treatment. *See Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001). The Amended Complaint

avers that Palmer "complained to Defendant on multiple occasions regarding the harassment she

endured," which led to Defendant making unauthorized changes to her payroll and barring her

from returning to work. *Id.* ¶¶ 82, 84. The EEO Charge similarly contends that after Palmer

complained about adverse treatment to the Human Resources department, her administrative

leave was changed to sick and vacation leave and her transfer requests were denied. *Id.*

Accordingly, although Palmer may not have checked the box entitled "retaliation" on the EEO

Charge, the facts averred would lead to a reasonable administrative investigation of the same.

This is all that is required. *See Parkinson v. Anne Arundel Med. Ctr., Inc.*, 214 F. Supp. 2d 511,

517 n.9 (D. Md. 2002), *aff'd sub nom. Parkinson v. Anne Arundel Med. Ctr.*, 79 F. App'x 602

(4th Cir. 2003) ("Although plaintiff did not check the retaliation box on his [EEO Charge], his

attached narrative was similar to his complaint in this case and could have led the EEOC to

investigate a retaliation claim."); *Bray v. Town of Wake Forest*, No. 5:14-CV-276-FL, 2015 WL

1534515, at *9–10 (E.D.N.C. Apr. 6, 2015) (even where plaintiff left unchecked the disability

box on the EEO Charge, "[t]he facts alleged in the formal Charge of Discrimination, while scant,

[were] reasonably related to the facts alleged in plaintiff's ADA claim.").

    To the extent Palmer avers retaliation in response to filing an EEO Charge, *see* ECF No.

20-1 ¶¶ 82- 84, she need not exhaust before pursuing the claim in this Court. *See Nealon v.

Stone*, 958 F.2d 584, 590 (4th Cir. 1992) (holding that Plaintiff asserting Title VII claim

of retaliation for filing previous EEO charge need not exhaust administrative remedy before

suing in federal court.).

    With regard to Defendant's argument that any amendment is futile due to an underlying

failure to exhaust all of her original claims, the Court preliminarily finds that the EEO Charge

4

reasonably covered effectively the same disability described in the Complaint.  *Compare* ECF No. 12-2 ("work related stress") *with* ECF No. 1 ("chest pains").  Both the Charge and Complaint likewise averred a similar course of conduct as to W&T placing Plaintiff on administrative leave for her disability until cleared to work.  Thus, the Complaint is sufficiently reasonably related to the EEO Charge to survive challenge.  *See Smith*, 290 F. 3d at 247–8; *Sydnor*, 681 F.3d at 594 ("[T]he exhaustion requirement should not become a tripwire for hapless plaintiffs. While it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns.").  The Court, therefore, grants the motion to amend and denies the motion to dismiss as moot.

Based on the foregoing, it is this 13th day of May 2020, hereby ORDERED that:

1.  The Motion to Amend Complaint filed by Plaintiff LaVera Palmer (ECF No. 20), BE and the same hereby IS, GRANTED;

2.  The Motion to Dismiss filed by Defendant W&T Travel Services, LLC (ECF No. 12), BE and the same hereby IS, DENIED without prejudice as MOOT;

3.  Defendant W&T Travel Services, LLC must answer or otherwise respond to Plaintiff LaVera Palmer's Amended Complaint by June 20, 2020;

4.  The Clerk shall TRANSMIT copies of this Order to counsel for the parties.

_____5/13/2020_____                  _____/S/_____
Date                                              Paula Xinis
                                                  United States District Judge